IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE, SR.,

      Plaintiff,                        No. CIV S-04-1983 FCD KJM P

     vs.

CASTRO,                                  <u>ORDER AND</u>

      Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 under 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee in effect at the time of filing of this action, $150.00.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $.83 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff claims defendant, a correctional officer, misappropriated certain items belonging to plaintiff. However, misappropriation of property does not amount to a violation of federal law unless a meaningful post-deprivation remedy for the loss is unavailable, Hudson v. Palmer, 468 U.S. 517, 533 (1984), or the deprivation is one carried out under established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); cf. Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Plaintiff does not allege defendant Castro took and kept his property under some policy, nor that he does not have a remedy for his deprivation of property under state law. Accordingly, the court will recommend

1  that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be
2  granted.
3          In accordance with the above, IT IS HEREBY ORDERED that:
4          1. Plaintiff's request for leave to proceed in forma pauperis is granted.
5          2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.
6  Plaintiff is assessed an initial partial filing fee of $.83.  All fees shall be collected and paid in
7  accordance with this court's order to the Director of the California Department of Corrections
8  filed concurrently herewith.
9          IT IS HEREBY RECOMMENDED that this action be dismissed for failure to
10 state a claim upon which relief can be granted.
11         These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
13 after being served with these findings and recommendations, plaintiff may file written objections
14 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
15 to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to
16 file objections within the specified time may waive the right to appeal the District Court's order.
17 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: December 6, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1
gree1983.fnrs(5.23)

3